IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| KEVIN & J COMPANY, INC. d/b/a SKILLZ INCORPORATED | ) ) ) | JURY TRIAL DEMAND |
| and | ) ) ) | |
| SB & COMPANY TN, INC. d/b/a SKILLZ INCORPORATED, | ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Jenny Thosychangh, who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission contends that Defendants, Kevin & J Company, Inc. and SB & Company TN, Inc., subjected Ms. Thosychangh to unequal terms and conditions of employment by discharging Ms. Thosychangh because of her sex (pregnancy).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants, Kevin & J Company, Inc. and SB & Company TN, Inc., (hereinafter referred to collectively as "Defendant Employer") have operated as a single employer and/or integrated enterprise.

(a) Kevin & J Company, Inc. and SB & Company TN, Inc. are retail clothing stores that share common ownership and control in that both entities are owned, operated, and managed by brothers Kevin Jang and Joshua Jang.

(b) Kevin & J Company, Inc. and SB & Company TN, Inc. share common offices and mailing addresses at 3715 Northcrest Road, Suite 15, Atlanta, Georgia, with centralized control of operations from this site.

(c) Kevin & J Company, Inc. and SB & Company TN, Inc. have centralized control of labor relations and personnel issues, including hiring, transferring, and discharging employees, with owners Kevin Jang and Joshua Jang making all personnel decisions.

(d) Kevin & J Company, Inc. operates, or has operated, more than 20 retail clothing store locations in Alabama, Georgia, Mississippi, South Carolina, and Tennessee.

2

(e) Kevin & J Company, Inc. operates a website that lists its store locations and describes 3715 Northcrest Road, Suite 15, Atlanta, Georgia as the "home office" for the store locations.

(f) In 2010, Kevin & J Company, Inc. employed approximately 89 employees, including full-time and part-time employees, at its various store locations.

5. At all relevant times Defendant Employer has continuously been doing business in the State of Tennessee and has continuously had at least 15 employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jenny Thosychangh filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least September 2010, Defendant Employer has engaged in unlawful employment practices at its Chattanooga, Tennessee location in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and Title I of the Civil Rights Act of 1991. The unlawful employment practices include subjecting Jenny Thosychangh to discrimination because of her sex (pregnancy).

(a) Defendant Employer operates retail clothing and apparel stores located in various malls, including a store location in Chattanooga, Tennessee.

(b) Jenny Thosychangh began working for Defendant Employer at its Chattanooga, Tennessee location on or about June 16, 2010 as a retail associate.

(c) At the time Thosychangh was hired, Defendant Employer was in the process of

3

opening a store location at 2100 Hamilton Place in Chattanooga, Tennessee.

(d) Thosychangh worked in Defendant Employer's store for approximately ten hours on June 16, 2010.

(e) Thosychangh's job duties as a retail associate consisted primarily of hanging clothes and arranging mannequins for display.

(f) Leo Park, Defendant Employer's store manager, told Thosychangh to report to work on June 17, 2010 to work a 9:00 a.m. to 9:00 p.m. shift.

(g) On June 17, 2010, Thosychangh asked Park if she could take her lunch break from 2:30 p.m. to 3:30 p.m. to attend a doctor's appointment.

(h) At this same time, Thosychangh told Park she needed to attend the doctor's appointment because she was pregnant.

(i) After discussing the doctor's appointment with one of Defendant Employer's owners, Mr. Park approached Thosychangh and told her she was terminated, effective immediately.

(j) Upon information and belief, the owner Park talked to regarding Thosychangh's request was Kevin Jang.

(k) Thosychangh did not receive any reprimands, verbal or otherwise, regarding her work performance while working for Defendant Employer.

(l) Thosychangh asked Park if she had made any mistakes or had any performance issues that led to her termination.

(m) Park told Thosychangh she could no longer work for Defendant Employer because she was pregnant.

(n) Defendant Employer paid Thosychangh in cash for the hours she had worked and did not provide Thosychangh with a separation notice, a W-2 statement or any other

4

documentation regarding her employment.

9. The effect of the practices complained of in paragraphs 8 (a)-(n) above has been to deprive Jenny Thosychangh of equal employment opportunities and to otherwise adversely affect her employment because of her sex (pregnancy).

10. The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Jenny Thosychangh.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex (pregnancy) discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Jenny Thosychangh by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay for Jenny Thosychangh.

D. Order Defendant Employer to make whole Jenny Thosychangh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to expenses for relocation,

job search, medical expenses not covered by employee benefit plans, as well as other out-of-pocket expenses, in amounts to be determined at trial.

      E.      Order Defendant Employer to make whole Jenny Thosychangh by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above including, but not limited to, emotional distress, pain and suffering, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant Employer to pay Jenny Thosychangh punitive damages for its malicious and reckless conduct described in paragraph 8 above in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

6

Case 1:12-cv-00321-CLC-SKL    Document 1    Filed 09/26/12    Page 6 of 7    PageID #: 6

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission MHM)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

s/ Joseph M. Crout (with permission MHM)
Joseph M. Crout
Supervisory Trial Attorney
TN Bar No. 012957

s/ Matthew H. McCoy
Matthew H. McCoy
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070

7