IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:12- cv-00321 |
| KEVIN & J COMPANY, INC. d/b/a SKILLZ INCORPORATED, | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### INTRODUCTION

The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant Kevin & J Company, Inc. d/b/a Skillz Incorporated (Defendant) to remedy unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and Title I of the Civil Rights Act of 1991. In the Commission's Complaint, filed on September 26, 2012, the Commission alleges Defendants subjected Jenny Thosychangh to unequal terms and conditions of employment because of her sex (pregnancy).

Defendant denies the allegations contained in the Commission's Complaint.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Complaint. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve. This

Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree. In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** the Decree and concludes that the terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest. This Decree conforms to the Federal Rules of Civil Procedure and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADA and appears in the best interests of the parties and the public. Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED. AND DECREED:**

### I. JURISDICTION

1. The parties stipulate that the United States District Court for the Eastern District of Tennessee, Southern Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. No party shall contest jurisdiction of this federal court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 1:12-cv-00321, alleging unlawful employment practices by Defendant based on Charge No. 494-2010-02435 filed by Jenny Thosychangh. This Decree shall not be considered in any manner to be dispositive of any charge which is or may be pending before any office of the Commission other than Charge No. 494-2010-02435.

4. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the court and shall be binding upon the parties to this lawsuit for three years after the effective date of this Decree.

5. Defendant shall not discriminate against any applicant or employee because of sex or pregnancy.

6. Defendant shall not retaliate against any applicant or employee because such individual has opposed discrimination under Title VII, notwithstanding that no retaliation claim has been involved in this case.

## III. POLICIES

7. Although this case did not involve a claim regarding Defendant's policies, Defendant will maintain a written anti-discrimination policy. The written anti-discrimination policy shall specifically state that Defendant does not tolerate discrimination based on sex or pregnancy and that employees who complain about discrimination in the workplace are protected against retaliation.

## IV. TRAINING

8. Although this case did not involve a claim regarding training, Defendant will provide a training program on employment discrimination, including pregnancy discrimination. The training will last at least 2 hours and will be mandatory for all employees. The training will be scheduled and conducted within 120 days after the date of entry of this Decree.

9. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to fulfill the training requirement outlined in Paragraph 8.

## V. RELIEF

10. Defendant will pay a total of $15,000.00 to Jenny Thosychangh in full and final settlement of the claims of Jenny Thosychangh under the Commission's Complaint.

    a. Of this amount, $5,000.00 is back pay for lost wages.

    b. Of this amount, $10,000.00 is for non-pecuniary compensatory damages.

11. Within 20 business days of the entry of this Decree by the court, Defendant shall mail a check, via certified mail, to Jenny Thosychangh at the address provided by the Commission. Concurrently, a copy of the check and related correspondence will be submitted to Matthew H. McCoy, EEOC Trial Attorney, at the address listed below.

12. Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

## VI.  NOTICE

13. Defendant will post the Notice attached as Exhibit A within 10 days of entry of this Decree.

## VII.  NOTIFICATION OF SUCCESSORS

14. During the term of this Decree, Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor prior written notice of the existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement.

## VIII.  ENFORCEMENT

15. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.  The Commission will provide ten days notice to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## IX.  MISCELLANEOUS

16. Each of the parties shall bear its own costs and attorney fees in this lawsuit.

17. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

18. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

19. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they will be e-mailed to: matthew.mccoy@eeoc.gov, Subject: Kevin & J Company Title VII Settlement.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

Approved by the parties:

FOR THE COMMISSION:

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

/s/ Matthew H. McCoy
**MATTHEW H. McCOY**
Trial Attorney
IN Bar No. 29368-49

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0070

FOR DEFENDANT:

/s/ Christopher J. York (w/p MHM)
**CHRISTOPHER J. YORK**
GA Bar No. 781013

McGahren Gaskill & York, LLC
6171 Crooked Creek Road
Norcross, GA 30092
(770) 729-1779

/s/ Nora A. McCarthy (w/p MHM)
**NORA A. McCARTHY**
TN Bar No. 09547

McCarthy, Murphy & Preslar, P.C.
1232 Premier Drive, Suite 300
Chattanooga, TN 37421
(423) 757-9500

EXHIBIT A

## **NOTICE TO ALL EMPLOYEES**

Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (including pregnancy), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law, files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

Kevin & J Company, Inc. will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination, which includes retaliation for reporting discrimination, is a violation of company policy as well as federal law. Violation of these company policies will result in disciplinary action up to and including termination.

If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> 100 Alabama Street, SW, Suite 4R30
> Atlanta, Georgia 30303
> Telephone: 1-800-669-4000
> Website: www.eeoc.gov
> TTY: 1-800-669-6820

This Notice will remain posted for three years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____    _____
Date                                          Kevin & J Company, Inc.
                                                  d/b/a Skillz Incorporated

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**